COURT OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-06-282-CR

 

 

EDDIE W. JEFFREY                                                              APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM THE 396TH
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








After Appellant Eddie W. Jeffrey pled true to the
State=s
petition to adjudicate, the trial court adjudicated him guilty of possession of
a controlled substance, namely gamma hydroxybutrate (GHB), in the amount of
four or more but less than two hundred grams with the intent to deliver and
sentenced him to seventy-five years=
confinement.  Even though his sentence is
well within the range of punishment for this first degree offense,[2]
Appellant contends in his sole point that his sentence violates the doctrine of
proportionality and amounts to cruel and unusual punishment prohibited by both
the state and federal constitutions.

Appellant has presented nothing to show
comparative sentences for first degree felony drug possession cases or to show
why his sentence is disproportionate to the sentences of others convicted of
the same or similar offense.[3]  He argues that because no person or property
was harmed by this offense, his sentence of seventy-five years is grossly
unfair.[4]  In assessing punishment, however, the trial
court is allowed to consider not only evidence about the offense under
consideration but also








evidence . . . as to any
matter the court deems relevant to sentencing, including but not limited to the
prior criminal record of the defendant, his general reputation, his character,
an opinion regarding his character, the circumstances of the offense for which
he is being tried, and . . . any other evidence of an extraneous crime or bad
act that is shown beyond a reasonable doubt by evidence to have been committed
by the defendant or for which he could be held criminally responsible,
regardless of whether he has previously been charged with or finally convicted
of the crime or act.[5]

 

The evidence shows that while out on deferred
adjudication community supervision for this offense, Appellant committed a
string of violent offenses on a single dayCtwo
adjudicated aggravated robberies, shooting one of the complainants in the gut,
and an extraneous home invasion.  A jury
convicted Appellant of the aggravated robberies,[6]
and the trial court found Appellant guilty of this drug offense, revoked his
deferred adjudication community supervision, and sentenced him in both cases
all in one consolidated proceeding.

Additionally, Appellant=s own
witness admitted that Appellant has had drug issues over the years, that he is
a drug addict, that he has alcohol abuse problems, and that he would sometimes
get violent when he was drunk or on drugs. 
Finally, Appellant pled true to the repeat offender allegation that he
had a 1992 conviction and penitentiary sentence out of Harris County for the
possession of cocaine.








Based on all the evidence, we cannot say that
Appellant=s sentence is disproportionate
or that it amounts to cruel and unusual punishment.  We therefore overrule his sole point and
affirm the trial court=s judgment.

 

PER
CURIAM

 

PANEL F:  DAUPHINOT, J.; CAYCE, C.J.; and LIVINGSTON,
J.

 

DO NOT PUBLISH

Tex.
R. App. P.
47.2(b)

 

DELIVERED:  February 28, 2008

 











[1]See Tex. R. App.
P. 47.4.





[2]See Tex. Health & Safety Code Ann. '
481.102(9) (Vernon Supp. 2007) (providing that GHB is in penalty group I), '
481.112(d) (Vernon 2003) (providing that this offense is a first degree
felony); Tex. Penal Code Ann. '
12.32(a) (Vernon 2003) (providing that the range of confinement for a first
degree felony is life or 5-99 years). 





[3]See Moore v. State, 54 S.W.3d 529, 541B42 (Tex. App.CFort Worth 2001, pet. ref=d).





[4]See id.





[5]See Tex. Code Crim. Proc. Ann. art. 37.07, ' 3(a)(1)
(Vernon 2006).





[6]See Jeffreys v. State, No. 02-06-283-CR (Tex. App.CFort
Worth Feb. 28, 2008, no pet. h.) (affirming trial court).